IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN D. HORTON,

    Plaintiff,                                    No. CIV S-09-622 MCE EFB PS

    vs.

SERVICE EMPLOYEES
INTERNATIONAL UNION,                       ORDER

    Defendant.
_____/

       This case, in which plaintiff proceeds *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E. D. Cal. L. R. ("Local Rule") 72-302(c)(21). Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, without prepayment of fees or costs. However, because intra-district venue is appropriate in Fresno, rather than the Sacramento, the case will be transferred to the United States District Court in Fresno, for further consideration of plaintiff's application and complaint.

       The complaint premises jurisdiction for this breach of contract action against a labor union on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). Plaintiff states that he "is a citizen, resident and domiciliary of the State of Oklahoma;" that defendant "is a corporation doing business in the state of California as a labor union;" and that venue is appropriate in

1

1  Sacramento because defendant is "a corporation doing business in the state of California as a
2  labor union," with its "principle place of business" in Sacramento.  Compl. at 1, 2.
3        However, defendant Service Employees International Union ("SEIU") is an international
4  labor organization, headquartered in Washington, D.C., *see* http://www.seiu.org/a/contact.php.
5  The gravamen of plaintiff's complaint is that SEIU failed adequately to represent plaintiff in his
6  appeal to the California Personnel Board pursuant to plaintiff's claim he was wrongfully
7  terminated from his job as a Senior Corrections Librarian at the Sierra Conservation Center State
8  Prison, in Jamestown, California.  Thus, this action arises generally under the Labor
9  Management Relations Act, 29 U.S.C. § 1985 (§ 301, 61 Stat. 156 (1947)), and is controlled by
10 federal substantive law, *see, e.g., Avco Corp. v. Machinists*, 390 U.S. 557, 560 (1968).  This
11 court's jurisdiction is therefore premised on federal subject matter, 28 U.S.C. § 1331, not
12 diversity of citizenship, 28 U.S.C. § 1332.  *See also Otero v. International Union*, 474 F.2d 3
13 (9th Cir. 1973) ("The district court had jurisdiction of this action, though not by reason of
14 diversity, which does not here exist. 28 U.S.C. § 1332; *United Steel Workers of America v.*
15 *Bouligny, Inc.*, 382 U.S. 145, 150-151, 86 S.Ct. 272 (1965).  Jurisdiction depends on the
16 existence herein of a collective bargaining contract between an employer (itself a union) and a
17 'labor organization' representing the employer's employees. (Sec. 301, Labor Management
18 Relations Act of 1947, 29 U.S.C., Sec. 185).").
19       Section 185 of the Labor Management Relations Act provides that, "[f]or the purposes of
20 actions and proceedings by or against labor organizations in the district courts of the United
21 States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the
22 district in which such organization maintains its principal office, or (2) in any district in which
23 its duly authorized officers or agents are engaged in representing or acting for employee
24 members." 29 U.S.C. § 185(c).  SEIU has local offices in, *inter alia,* both Sacramento and
25 Fresno, *see* http://www.seiu1000.org/Contactus/Default.aspx, rendering jurisdiction appropriate
26 in either location.  However, this action arises out of events occurring in Jamestown, California,

1 which is located in Tuolumne County, one of the counties requiring commencement of federal
2 actions in Fresno.  *See* Local Rule 3-120(d) ("[a]ll civil and criminal actions and proceedings of
3 every nature and kind cognizable by the United States District Court for the Eastern District of
4 California arising in . . .Tuolumne count[y] shall be commenced in the United States District
5 Court sitting in Fresno, California").

6   Accordingly, for the foregoing reasons, this action is transferred to the Fresno division of
7 the United States District Court for the Eastern District of California.

8   SO ORDERED.

9 DATED:  August 4, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE